IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-02388-WYD
Criminal Action No. 02-cr-00010-WYD

UNITED STATES OF AMERICA,

v.

ANTHONY L. WHITENER,

    Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    Movant Anthony L. Whitener filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, on November 17, 2004.  On December 1, I ordered the government to respond to the Motion to Vacate.  The government filed a Response on December 22, and Movant filed a Reply to the Response on December 30.

    I must construe the § 2255 Motion and the Reply liberally, because Movant is a *pro se* litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellman**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  **See Hall**, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, I will deny the Motion to Vacate.

## I.  Factual and Procedural Background

Mr. Whitener pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  On November 15, 2002, I sentenced Movant to a total term of sixty-three months of incarceration.  Movant appealed and challenged his sentence on two grounds: (1) that the district court improperly relied on a presentence report (PSR) that contained several errors and was produced by a prejudiced probation officer, and (2) that the district court abused discretion in refusing to grant a downward adjustment from the offense level for Movant's minor role in the offense.  ***United States v. Whitener***, No. 02-1524, 2003 WL 22464022 (10th Cir. Oct. 31, 2003) (Not selected for publication).

The Tenth Circuit found that none of the alleged errors in the PSR adversely affected the district court's exercise of discretion, because Movant was sentenced at the bottom of the guideline range.  ***Id.***  The Tenth Circuit further determined that the district court's finding that Movant was not a minor participant is not clearly erroneous, and that the Tenth Circuit lacked jurisdiction, because Movant did not preserve the issue by seeking a downward departure in the district court on the basis of his minor role.  ***Id.***

A judgment of conviction becomes final when the time for seeking certiorari review after a petition for rehearing is denied on appeal.  ***See United States v. Hurst***, 322 F.3d 1256, 1261 (10th Cir. 2003).  Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Whitener had ninety days after the denial of his petition

for rehearing was entered on the docket on November 17, 2003, to file a petition for writ of certiorari. Mr. Whitener's conviction became final on February 16, 2004. Movant filed the instant action on November 17, 2004. The Motion, therefore, is timely under § 2255.

## II.  Standard of Review

Movant raises two ineffective assistance of counsel claims. In Claim One, he asserts that counsel was incompetent, because he failed to challenge the provision, under "relevant conduct" in the plea disposition, that the gun he was charged with possessing was stolen. Movant further asserts that he did not admit the gun was stolen and such relevant conduct resulted in a two-level enhancement. Movant also contends that his situation easily could have been considered out of the "heartland" under U.S.S.G. § 2K2.1(b)(4).

In both Claims One and Two, Movant asserts that his sentence is illegal pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004), because the consideration for an enhancement was not in the indictment and was not proven beyond a reasonable doubt by a jury. He also concludes, in Claim One, that counsel was ineffective in not arguing a violation of his Fifth and Sixth Amendment rights.

The Supreme Court has established a two-prong test to review ineffective assistance of counsel claims. **See Strickland v. Washington**, 466 U.S. 668 (1984). Mr. Whitener must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial.

*See id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*.

In order to demonstrate prejudice under the second prong of the *Strickland* test, Mr. Whitener must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, I may not set aside Mr. Whitener's conviction or sentence solely because the outcome would have been different absent counsel's deficient performance. *See Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Instead, Mr. Whitener must demonstrate that counsel's deficient performance rendered "the result of the trial unreliable or the proceeding fundamentally unfair." *Id.* at 372. If Mr. Whitener fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must fail. *See Strickland*, 466 U.S. at 697.

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Also under *Apprendi*, the Supreme Court found that when a defendant admits to facts no question arises concerning the right to a jury trial or the standard of proof that may apply to a contested issue of fact. *Id.* at 488.

As for *Blakely*, the Supreme Court held "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose **solely on the basis**

***of the facts reflected in the jury verdict or admitted by the defendant*.**" ***Blakely***, 542 U.S. at 303 (citing ***Ring v. Arizona***, 536 U.S. 584, 602 (2002)).  More specifically, the Supreme Court in ***Blakely*** invalidated a sentence imposed pursuant to the State of Washington's determinate sentencing scheme, which is similar to the Federal Sentencing Guidelines, because a judge increased the sentence based on factual findings made by the judge rather than a jury.  ***See id.***  Although Applicant does not refer to ***United States v. Booker***, 125 S. Ct. 738 (2005), the most recent case in the ***Apprendi*** line of cases, I note that the Supreme Court in ***Booker*** reaffirmed its holding in ***Apprendi*** and held that the rule in ***Blakely*** applies to the Federal Sentencing Guidelines.  ***Booker***, 125 S. Ct. at 755-56.

The government argues that Movant admitted the gun he unlawfully possessed was stolen.  (Resp. at 9.)  The government further asserts that Movant acknowledged in open court, under oath, his familiarity with and endorsement of the plea agreement that he signed.  (Resp. at 9.)  Based on Movant's acknowledgment that the gun was stolen, the government concludes that Movant's counsel was unable to set forth a legitimate, non-frivolous basis for challenging the application of § 2K2.1(b)(4), "because § 2K2.1(b)(4) unambiguously is to be applied '[i]f any firearm was stolen, or had an altered or obliterated serial number,' without regard to the identity of the person who actually stole the firearm."  (Resp. at 8-9.)

In reply to the government's Response, Movant contends that if he was given a chance before a jury he could prove to a jury that the individual who reported the gun stolen did so only to obtain drugs.  (Reply at 1.)  He further asserts that the gun was not

5

stolen but was sold for a "fix," and that the individual who apparently reported the gun stolen had a history of reporting his guns stolen. (Reply at 1.) Movant concludes that once he is able to prove to a jury that the gun he was guilty of possessing was not stolen, he then would not be subject to the enhancement under § 2K2.1(b)(4). (Reply at 1-2.)

Upon review of the transcript of the Change of Plea Hearing, I find that Mr. Whitener admitted that he possessed the gun. (Reporter's Transcript, Plea Hearing Change (Plea Hearing), Aug. 8, 2002, at 16.) Although Movant also stated at the Hearing that there were some things in the plea agreement with which he did not agree, he did not state that he disagreed that the gun he possessed was stolen. (Plea Hearing at 16-17.) In fact, I questioned Movant to be sure he understood that there is a two-point enhancement under § 2K2.1(b)(4) of the Sentencing Guidelines, because the gun was stolen, and he responded that he knew that the two-point enhancement applied. (Plea Hearing at 25.)

Furthermore, the plea agreement, that Movant signed, includes in part a reference under the "Guideline Computation" section that the gun was stolen, and Mr. Whitener provides no statement in the agreement that he disagrees with this statement. (Plea Agreement, Doc. No. 46 at 5.) Moreover, I asked Mr. Whitener whether he had read and understood the plea agreement, to which he responded that he had and that he did. (Plea Hearing at 9.) I also confirmed that Mr. Whitener signed the plea agreement on the last page. (Plea Hearing at 9.)

Because it is clear that the calculation of Mr. Whitener's sentence under the

Sentencing Guidelines was based solely on facts admitted by him, there was no error under ***Apprendi***, ***Blakely***, or ***Booker***. *See Booker*, 125 S. Ct. at 756; ***Blakely***, 542 U.S. at 303; ***Apprendi***, 530 U.S. at 488; ***United States v. Porter***, 405 F.3d 1136, 1143 (10th Cir. 2005) ("The Sixth Amendment rule announced in ***Apprendi***, 530 U.S. at 490, and extended to the Guidelines in ***Booker*** is inapplicable where a sentence is determined based on admitted facts.")  Therefore, trial counsel was not ineffective in failing to raise Fifth and Sixth Amendment rights under the ***Apprendi*** line of cases.

Even if the Court were to disregard Applicant's acquiescence to possession of a stolen gun and find ***Apprendi*** applicable, Movant was sentenced to sixty-three months, which is below the maximum sentence of ten years under 18 U.S.C. § 924(2).  Prior to the issuance of ***Blakely***, the federal circuits unanimously believed that the "statutory maximum" was the greatest sentence permitted by the statute of conviction, irrespective of what fact-finding the court conducted to impose that sentence. ***Allen v. Reed***, ___ F.3d ___ , 2005 WL 2697246 *7 (10th Cir. Oct. 21, 2005) (citing ***United States v. Price***, 400 F.3d 844, 847 (10th Cir. 2005) (citation omitted).  The law at the time of Movant's sentencing was in keeping with ***McMillan v. Pennsylvania***, 477 U.S. 79 (1986).  A judge, therefore, was able to make a sentencing decision by a preponderance of the evidence within the statutory range. ***McMillan***, 477 U.S. 79. ***Apprendi*** did not overrule ***McMillan***. *See Apprendi*, 530 U.S. at 487 n.13.

As for ***Blakely*** or ***Booker***, neither case applies retroactively to convictions that were already final at the time the Supreme Court decided each case. *See Price*, 400 F.3d at 849 (addressing retroactivity of ***Blakely***); *see also **United States v. Bellamy***,

7

411 F.3d 1182, 1188 (10th Cir. 2005) (addressing retroactivity of **Booker**). Movant's conviction was final on February 16, 2004, **Blakely** was not decided until June 2004, and **Booker** was decided in 2005. Therefore, counsel was not ineffective in failing to raise Fifth and Sixth Amendment claims under the **Apprendi/Blakely/Booker** line of cases.

Furthermore, Movant's claim, that trial counsel was ineffective in failing to challenge the enhancement due to the gun being stolen, is purely hindsight. Movant points to no evidence in the record that indicates he was desirous of challenging the ownership of the gun. To the contrary, and as stated above, Movant acknowledges that the gun was stolen. I find, therefore, that neither counsel's performance fell below an objective standard of reasonableness nor was counsel's performance so deficient that it was prejudicial in his not challenging whether the gun was stolen.

Moreover, as for Mr. Whitener's claim that the case could easily have been considered outside the heartland, the claim is highly speculative and without legal basis.

### III. Conclusion

Based on the foregoing, I find that Movant's claims lack merit and that the § 2255 Motion should be denied. Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed November 17, 2004, is DENIED and the civil action is DISMISSED. It is

FURTHER ORDERED that each party shall bear his or its own costs and attorney's fees.

Dated:  November 14, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge